UNITED STATES DISTRICT COURT
----------------------------------------DISTRICT OF CONNECTICUT-----------------------------------

| | |
|---|---|
| RORY HALL | : CIVIL ACTION NO: |
| | : |
| V. | : |
| | : |
| MATTHEW WORDEN, | : |
| GESENIA PEREZ | : MAY 7, 2008 |

**COMPLAINT**

**I. PRELIMINARY STATEMENT**

1. This is an action to redress the excessive and unreasonable use of force against the Plaintiff, Rory Hall, by Defendants Matthew Worden and Gesenia Perez, both police officers of the Town of Enfield Police Department, in violation of the Plaintiff's civil rights under the Fourth and Fourteenth Amendments to the United States Constitution.

The Plaintiff, Rory Hall, also asserts state law claims alleging violations of the Connecticut Constitution: assault and battery; reckless and maliciousness; and intentional infliction of emotional distress.

**II.     JURISDICTION**

2. This Court has jurisdiction of the claims for deprivation of constitutional rights under 28 U.S.C. §§ 1331, 1343(3) and 1367(a) and 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because: (1) all Defendants reside within the judicial district, and (2) all events giving rise to this Complaint occurred in this judicial district.

### III. PARTIES

3. The Plaintiff, Rory Hall, who is an African-American female, is and was at all times relevant hereto, a citizen of the United States who resided in Enfield, Connecticut.

4. Defendant Worden was at all times relevant to this action, and remains, a police officer employed by the Town of Enfield. He is sued in his individual capacity only.

5. Defendant Perez was at all times relevant to this action, and remains, a police officer employed by the Town of Enfield. She is sued in her individual capacity only.

6. At all times relevant to this action, each Defendant was acting under color of law and under cloak of the authority as municipal police officers of the Town of Enfield.

### IV. STATEMENT OF FACTS

7. On or about September 3, 2007 at approximately 10:42 P.M., the Plaintiff, Rory Hall was arrested by Defendant Worden and taken to the Enfield Police Station at 293 Elm Street in Enfield, Connecticut.

8. At the station, Defendant Worden questioned the Plaintiff and began to administer a chemical analysis to determine the amount of alcohol in the Plaintiff's blood.

9. During the analysis Defendant Worden became frustrated with the Plaintiff. Defendant Worden stopped the analysis of the Plaintiff, acknowledged his intent to indicate in his report that the Plaintiff had refused to submit to a chemical analysis and reprimanded the Plaintiff to sit down in the chair located behind her.

10. As the Plaintiff was backing-up towards the chair, the Plaintiff informed Defendant Worden that she was not refusing to take the chemical analysis and objected to Defendant Worden's attempt to indicate a refusal to submit to the chemical analysis in his report.

11. Without warning or provocation Defendant Worden charged the Plaintiff and scolded her to sit down causing the Plaintiff to raise her hands to stop the charging Defendant. The Defendant continued to charge the Plaintiff and physically assaulted her, grabbed her, spun her around and slammed her body and head into the block cement wall, some of which was done with the assistance of Defendant Perez.

12. The Plaintiff did not refuse to submit to the chemical analysis, she did not interfere with Defendant Worden's administration of the chemical analysis, at no time did she pose any threat to Defendant Worden, Perez or others and she did not resist or use force against Defendant Worden and Perez when she was assaulted and slammed into the wall.

13. The Defendants' acts were intentional, reckless and inspired by malice. No reasonable officer in the Defendants' position would have considered these acts reasonable or lawful.

14. As a direct and proximate result of the malicious and outrageous conduct of the Defendants, the Plaintiff suffered damages including but not limited to a large laceration to her forehead, scaring, headaches, nausea, nervous tension, loss of sleep, emotional distress, fear, anxiety, humiliation, intimidation, embarrassment, expenses for medical treatment and lost earnings.

15. The Plaintiff represented herself at the Connecticut Department of Motor Vehicle per se hearing regarding her alleged refusal of the chemical analysis administered by Defendant Worden. The Connecticut Department of Motor Vehicle hearing officer ruled in favor of the Plaintiff, finding no supporting facts existed in the record confirming Defendant Worden's assertion that the Plaintiff refused to submit to the chemical analysis.

### V.    FIRST CAUSE OF ACTION

16. By this reference, Plaintiff incorporates each and every allegation set forth in Paragraph 1-15 of this Complaint as though fully set forth herein.

17. The acts of the Defendant officers described hereinabove constitute an excessive use of force and deprived the Plaintiff of her rights in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

### VI.    SECOND CAUSE OF ACTION

18. By this reference, Plaintiff incorporates each and every allegation set forth in Paragraph 1-15 of this Complaint as though fully set forth herein.

19. Defendant Worden and Perez unlawfully deprived the Plaintiff of rights secured to her by the Connecticut Constitution in that the excessive and unreasonable use of force was unlawful in violation of Article First, § 7 of the Connecticut Constitution.

### VII.    THIRD CAUSE OF ACTION

20. By this reference, Plaintiff incorporates each and every allegation set forth in Paragraph 1-15 of this Complaint as though fully set forth herein.

21. Defendant Worden and Perez forcefully restrained and touched the plaintiff with the intention of putting the plaintiff in apprehension of imminent serious bodily harm.

22. Defendant Worden and Perez intended to touch and did in fact touch plaintiff's person in a manner offensive and harmful to the plaintiff.

23. As a result of the conduct by Defendant Worden and Perez, the Plaintiff was in fact put in apprehension of imminent seriously bodily harm.

24. The conduct by Defendant Worden and Perez constituted assault and battery upon the Plaintiff.

25. The personal injuries and losses complained of by the Plaintiff were the direct and proximate result of said assault and battery.

## VII.     FOURTH CAUSE OF ACTION

26. By this reference, Plaintiff incorporates each and every allegation set forth in Paragraph 1-15 of this Complaint as though fully set forth herein.

27. Defendant Worden and Perez were reckless and malicious in that they restrained and assaulted the Plaintiff without justification or provocation.

28. The personal injuries and losses complained of by the Plaintiff were the direct and proximate result of said recklessness and maliciousness.

## VIII.    FIFTH CAUSE OF ACTION

29. By this reference, Plaintiff incorporates each and every allegation set forth in Paragraph 1-15 of this Complaint as though fully set forth herein

30. Defendant Worden intended to inflict severe emotional distress to the Plaintiff and knew or should have known at all times that his acts and omissions as alleged herein would
    result
in severe emotional distress to the Plaintiff.

31. The acts and omissions of Defendant Worden were extreme and outrageous.

32. As a direct and proximate result of said acts or omissions, the Plaintiff suffered emotional distress.

**WHEREFORE**, the Plaintiff's request the following relief against all Defendants, and request that this court:

1. Pay compensatory damages to Plaintiff's in an amount this Court shall consider to be just and reasonable;

2. Pay punitive damages to Plaintiff in an amount this Court shall consider to be just and reasonable to be adequate and appropriate to punish the Defendants for reckless and malicious conduct;

3. Award attorney's fees in this action pursuant to §§1983 and 1988;

4. Indemnification from the Town of Enfield pursuant to Connecticut General Statutes §7-101(a); and

5. Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, allow Plaintiff's their costs herein, and also grant them such additional relief as may seem to this Court to be just, proper and equitable.

        THE PLAINTIFF
        RORY HALL

        By: _____
          Marco D'Occhio, Esq
          Eagan, Donohue, D'Occhio & Flasey, LLP
          24 Arapahoe Road
          West Hartford, CT 06107
          (860)232-7200
          Federal Bar No.: ct 24364

Dated:_____

**A JURY TRIAL IS HERBY RESPECTFULLY REQUESTED**